Dear Senator Morgan,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does 70 O.S. Supp. 2004, § 5-117(B) authorize a valid nonappropriation clause in a multi-year lease contract between a school district and a vendor?
 2. If 70 O.S. Supp. 2004, § 5-117(B) authorizes a valid nonappropriation clause in a multi-year lease contract between a school district and a vendor, can the contract be terminated for reasons other than the failure of appropriations?
¶ 1 The specific language involved in your questions is that portion of Section 5-117(B) of Title 70 which provides:
 The board of education of any school district may rent, on a monthly basis, real and personal property, if such items are necessary for the operation of the school, and pay the rental charges for the usage during any fiscal year, or portion thereof, out of appropriations made and approved for current expense purposes during the fiscal year. Any such rental contract extending beyond June 30 of such fiscal year shall be void unless it contains provisions for mutual ratification of renewal pursuant to the conditions provided for in this subsection. It is the intent of this subsection to authorize boards of education to enter into lease contracts but not to incur any obligation against the school district in excess of the income and revenue provided for such purposes for the fiscal year in which such lease contract is operative.
Id. (emphasis added).[1]
¶ 2 We assume your reference to a "valid nonappropriation clause" refers to "contractual language which makes a lease binding, during fiscal years after the year in which the lease commences, only upon the contingency of legislation being passed which appropriates funds sufficient to continue making lease payments." A.G. Opin. 88-73, at 171 (citing U.C. Leasing,Inc. v. State ex rel. State Bd. of Pub. Affairs,737 P.2d 1191, 1195 (Okla. 1987)) (emphasis added). A contract with a non-appropriation clause is automatically renewed for another year if an appropriation is made to fund contract payments for another year. In re Okla. Capitol Improvement Auth.,958 P.2d 759, 770 (Okla. 1998).
¶ 3 In 70 O.S. Supp. 2004, § 5-117[70-5-117](B) the Legislature authorized a school district to enter into a multi-year lease contract only if the contract contains a valid mutual ratification of renewal provision. Any rental contract extending beyond the fiscal year is void unless it provides for mutual ratification of renewal. Id.
¶ 4 Neither the Legislature nor Oklahoma courts have defined the term "mutual ratification of renewal," as used in 70 O.S.Supp. 2004, § 5-117[70-5-117](B). We may, however, understand a statutory term in its ordinary sense where the term is not clear. 25 O.S.2001, § 1[25-1]. The ordinary meaning of "mutual" is "possessed, experienced, or done by two or more persons or things at the same time." Webster's Third New International Dictionary 1493 (3d ed. 1993)."Ratification" is the act of confirming or sanctioning.Id. at 1885. "Renewal" is an extension or continuance in effect for a fresh period Id. at 1922.
¶ 5 Consequently, the ordinary meaning of "mutual ratification of renewal," is at least two persons acting to confirm an extension effective for a fresh period.
¶ 6 Applying the ordinary meaning of the term "mutual ratification of renewal" to its use in 70 O.S. Supp. 2004, §5-117[70-5-117](B) indicates the Legislature's intent that a school district's multi-year contract with a vendor is only effective for the first year; thereafter, on an annual basis, each party to the contract must act to confirm continuance of the contract for another year.
¶ 7 The requirement in Section 5-117(B) for an annual mutual ratification of renewal is contrary to the operation of a valid nonappropriation clause. As noted previously, a contract with a non-appropriation clause is automatically renewed for another year if an adequate appropriation is made to fund contract payments for the upcoming year, (Capitol Improvement Authority,958 P.2d at 770), whereas Section 5-117(B) does not allow for automatic renewal upon appropriation or otherwise, but instead requires each of the parties to ratify renewal of the contract for each new fiscal year. See A.G. Opin. 88-73.[2]
¶ 8 The Legislature has authorized state agencies to enter into a multi-year lease-purchase contract so long as the contract contains a valid nonappropriation clause. See 74 O.S. Supp.2004, § 85.4[74-85.4](J); Ind. Nat'l Bank v. State ex rel. Dep't ofHuman Serv., 857 P.2d 53, 57 n. 2 (Okla. 1993) ("We note in 1989 the Legislature amended § 85.4 of the Central Purchasing Act to sanction the use of nonappropriation clauses in lease/purchase situations involving the acquisition of equipment."). However, unlike the Legislature's authorization of state agencies to enter into multi-year lease-purchase contracts with nonappropriation clauses, the Legislature has not authorized school districts to enter into multi-year contracts containing nonappropriation clauses.
¶ 9 A school district contract extending beyond the fiscal year, ending June 30, cannot be automatically renewed pursuant to the operation of a nonappropriation clause. A school district contract must contain a provision for mutual ratification of renewal, which allows the school and the vendor each to consider whether they want to continue the contract for another year or terminate the contract at the end of a fiscal year. 70 O.S.Supp. 2004, § 5-117[70-5-117](B).
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A multi-year lease contract between a school district and a vendorwhich contains a nonappropriation clause is not authorized under the provisions of 70 O.S. Supp. 2004, § 5-117(B). The language of Section 5-117(B) requires a multi-year contract between a school district and a vendor to contain a provision for mutual ratification of renewal, which is contrary to the operation of a valid nonappropriation clause. The Legislature has not authorized school districts to include in their contracts nonappropriation clauses which operate to automatically renew a contract for another year if adequate appropriations are made to fund contract payments for another year. Instead, for a school district's contract with a vendor to be effective after the first year, 70 O.S. Supp. 2004, § 5-117(B) requires the school district and the vendor each to ratify renewal of the parties' contract on an annual basis. Attorney General Opinion 88-73 is withdrawn to the extent it implies a school district may enter into a contract with a nonappropriation clause which operates to automatically renew a contract for another fiscal year if appropriation for contract payments is made.
 2. Because we have found that nonappropriation clauses are not authorized, under 70 O.S. Supp. 2004, § 5-117(B), in contracts between school districts and vendors, we need not answer your second question.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JANIS W. PRESLAR Assistant Attorney General
[1] Section 430.1(A) and (C) of Title 62 of the Oklahoma Statutes, which relates to governing boards of counties, municipalities, and school districts, contains virtually identical language to the above-quoted emphasized language in Section 5-117(B) of Title 70.
[2] In Attorney General Opinion 88-73, the requester presumed that a lease-purchase contract between a vendor and a school district, county, or municipality must contain a nonappropriation clause. Although the body of the Opinion stated that any contract in which the lessee is a school district, county, or municipality must contain a requirement for mutual ratification of renewal for each new fiscal year, the conclusion indicates a school district can enter into a multi-year lease purchase contract so long as it contains a nonappropriation clause. To the extent the conclusion reached in A.G. Opin. 88-73 is contrary to this Opinion, it is withdrawn.